**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| S.R., *a minor by her Parent and Next Friend, Brittany Robinson,* | ) | |
| *Plaintiff,* | ) | 1:25-cv-2142 (PTG/LRV) |
| v. | ) | |
| PRINCE WILIAM COUNTY SCHOOL BOARD, *et al.*, | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) by Defendants Ternon Galloway-Lee and the Virginia Department of Education (the "VDOE") (Dkt. 27), the Motion to Dismiss Counts 5, 6 and 7 of the Amended Complaint by Defendant Prince William County School Board (the "School Board") (Dkt. 29), the Motion to Dismiss by Defendant Dr. Lisa Coons (Dkt. 51), and the Motion to Dismiss by Defendant Ron Regnery (Dkt. 54) (collectively, the "Motions"). Plaintiff S.R. is a six-year-old autistic student who lives in Prince William County, Virginia. Dkt. 25 ¶¶ 1, 3. Her mother, Brittany Robinson, who is not herself a party to the lawsuit, sued the various defendants on Plaintiff's behalf under federal statutes and the United States Constitution. *Id.* ¶¶ 95-210. Plaintiff's claims arise from the state-level review of whether S.R. was denied a Free and Appropriate Public Education ("FAPE") during the 2023-2024 and 2024-2025 school years. *Id.*

The Amended Complaint brings seven counts. Count One (against the School Board) seeks reversal of the hearing officer's decision as well as damages and injunctive relief under the Individuals with Disabilities Education Act ("IDEA"); Count Two (against Ron Regnery, the

former Assistant Executive Secretary of the Supreme Court of Virginia, in his individual capacity) seeks compensatory damages under 42 U.S.C. § 1983; Count Three (against Dr. Lisa Coons, the former Virginia Superintendent of Public Instruction, in her individual capacity, and the VDOE) seeks declaratory and injunctive relief under § 1983 and the Fourteenth Amendment via the *Ex parte Young* doctrine; Count Four (against Ternon Galloway-Lee, the hearing officer, in her individual capacity) seeks declaratory and injunctive relief under § 1983; Count Five (against the School Board) seeks compensatory damages and injunctive relief for retaliation under Title II of the Americans with Disabilities Act ("ADA"); Count Six (against the School Board and the VDOE) seeks compensatory damages and declaratory and injunctive relief for discrimination under Title II of the ADA; and Count Seven (against the School Board and the VDOE) seeks compensatory damages and declaratory relief under Section 504 of the Rehabilitation Act. All counts seek attorney's fees and costs.

Defendants move to dismiss on several grounds. All defendants contend that the Amended Complaint fails to state a claim, with the exception of Count One, which the School Board does not challenge. *See* Dkt. 30. Additionally, Defendant Galloway-Lee argues, in part, that she is immune from civil liability for the claims brought in Count Four because she is a quasi-judicial agency official. Dkt. 28 at 8-10. The VDOE argues that it cannot be sued under § 1983. Dkt. 28 at 6. The School Board argues that Plaintiff lacks standing to bring claims for injuries incurred by her mother or siblings. Dkt. 30 at 8-11. The Motions are fully briefed.[1]

---

[1] Plaintiff's opposition to the Motion to Dismiss by Defendant Galloway-Lee and the VDOE is forty-one pages long. Dkt. 35. Plaintiff did not seek leave before filing a brief that is out of compliance with this Court's Local Rules. *See* E.D. Va. Loc. Civ. R. 7(F)(3). Accordingly, each page following page thirty is stricken and not considered for purposes of this Order.

## I. Jurisdictional Challenges

The Court first turns to the issue of jurisdiction over the pending claims. Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing that subject matter jurisdiction is proper by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). In deciding a Rule 12(b)(1) motion, factual allegations plausibly supported by "factual matter" are taken as true, while "conclusory statements" and "legal conclusions" are not. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Such dismissal must be "without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

### A. Judicial Immunity

Defendant Galloway-Lee argues that she is immune from civil liability for the actions she took as a quasi-judicial agency official. The Court agrees. The United States Supreme Court has recognized "that there are some officials whose special functions require a full exemption from liability." *Butz v. Economou*, 438 U.S. 478, 508 (1978). Among these are "quasi-judicial agency officials whose duties are comparable to those of judges . . . when adequate procedural safeguards exist." *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999) (internal quotation marks omitted). Such safeguards exist in Virginia for hearing officers.

The regulations governing due process hearings implement "the impartial hearing officer system that is administered by the Supreme Court of Virginia." 8 Va. Admin. Code 20-81-210. This system is attended by requirements that hearing officers have special training and be subject to certification, and it provides for the rights of parties to the hearing to present evidence, cross-examine witnesses, and obtain a record of the proceedings and the officer's findings, among other things. *Id.* Such process provides adequate procedural safeguards and, as other jurists in this circuit have concluded, hearing officers considering IDEA claims are quasi-judicial officers who have judicial immunity. *See, e.g.*, *R.Y. v. Prince William Cnty. Sch. Bd.*, No. 1:25-cv-2163, 2026 WL 2665749, at *6 (E.D. Va. Sep. 10, 2026) (recognizing that hearing officers performing their duties under the IDEA are performing quasi-judicial functions entitling them to judicial immunity); *Benson v. Lancaster Cnty. Sch. Dist.*, 2023 WL 3455629, at *4 (D.S.C. May 15, 2023) (extending judicial immunity to hearing officers considering IDEA claims in the South Carolina system); *T.O. v. Cumberland Cty. Bd. of Educ.*, 2017 WL 979025, at *6 (E.D.N.C. Mar. 13, 2017) (extending judicial immunity to an administrative law judge considering IDEA claims in the North Carolina system); *see also Luo v. Owen J. Roberts Sch. Dist.*, 2024 WL 4540770, at *3 (3d Cir. Oct. 22, 2024) (unpublished) (recognizing the judicial immunity of hearing officers considering IDEA claims in the Pennsylvania system).

Where judicial immunity applies, it persists unless the official has acted "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). Even if the challenged action "was in error, was done maliciously, or was in excess of his authority," the official is entitled to absolute immunity for their judicial acts. *Id.* at 356.

Here, the Court concludes that absolute immunity extends to the quasi-judicial acts of Defendant Galloway-Lee. Although Plaintiff attempts to bring claims against Defendant Galloway-Lee "in her individual capacity," Plaintiff fails to allege any acts for which Defendant Galloway-Lee can be individually liable. Dkt. 25 at 34. All the challenged actions taken by Defendant Galloway-Lee were products of her quasi-judicial function. Plaintiff has not alleged that Defendant Galloway-Lee acted "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. Therefore, Defendant Galloway-Lee is immune from civil liability for her quasi-judicial acts, which applies to the entirety of Count Four of the Amended Complaint.

**B. Third-Party Standing**

"Article III of the Constitution requires a litigant to possess standing to sue in order for a lawsuit to proceed in federal court." *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022). Without Article III standing, the Court is left without subject matter jurisdiction. *Id.* Generally, plaintiffs '"must assert [their] own legal rights and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties."' *Md. Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 214 (4th Cir. 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), *as amended* (Aug. 31, 2020). There '"may be circumstances where it is necessary to grant a third party standing to assert the rights of another."' *Id.* (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004)). This exception exists where there is a "close relationship" between the plaintiff and the person whose rights they assert, and where there is a "hindrance" to the third-party's ability to protect their own interest. *Kowalski*, 543 U.S. at 130.

The Amended Complaint contains factual allegations regarding injuries to Plaintiff's mother and siblings. *See, e.g.*, Dkt. 25 ¶¶ 60, 61, 63, 64, 159, 170. Neither Plaintiff's mother nor her siblings are parties to this lawsuit. *See* Dkt. 25. Plaintiff has not shown that her mother or

siblings are hindered from bringing their own claims. Therefore, Plaintiff lacks standing to bring claims on behalf of her mother or siblings, and the Court lacks jurisdiction to consider them. The Court will only consider injuries that Plaintiff herself suffered in assessing the Amended Complaint under Rule 12(b)(6).

## II. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To do so, a plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff has alleged claims for relief under several statutes and the United States Constitution. Dkt. 25 ¶¶ 95-210. The Court takes each one in turn.

### A. Section 1983 Claims

Section 1983 provides for suit against any "person" who, under the color of state law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

#### 1. Defendant VDOE

In Count Three, Plaintiff sues the VDOE under § 1983. As Plaintiff recognizes, the VDOE is "an executive department" of Virginia. Dkt. 25 ¶ 9. It is not a "person" that can be sued under § 1983. *Smith v. Unknown Six Members of Va. Parole Bd.*, 2025 WL 1239350, at *2 (W.D. Va. Apr. 29, 2025) (stating that "neither a state nor a state agency is a 'person' subject to suit under § 1983." (citing *Va. Office for Prot. & Advoc. v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005))

(holding that the Virginia Office for Protection and Advocacy was not a person under § 1983)). In an attempt to rescue this claim, Plaintiff argues that the *Ex parte Young* doctrine allows for prospective injunctive relief. Dkt. 35 at 10-12. However, that argument is to no avail because the VDOE still cannot be sued under § 1983. *Ex parte Young* pertains to prospective relief against individual state officers. *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (noting that *Ex parte Young* authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law."). The VDOE is not a state officer. Accordingly, Count Three must be dismissed against the VDOE as a matter of law.[2]

**2. Defendant Regnery**

Defendant Regnery has moved to dismiss the failure-to-supervise claim against him on the basis that he was not Defendant Galloway-Lee's supervisor. Dkt. 55 ¶¶ 10-11. The Court agrees. To prevail on a Section 1983 claim for supervisory liability, a plaintiff must show: (1) that a supervisor had actual or constructive knowledge that their subordinate was engaged in conduct that posed an unreasonable risk of constitutional injury to others; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference of the alleged offensive practices; and (3) that there was a causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks omitted).

Here, the Amended Complaint alleges that Defendant Regnery had a duty to supervise the disqualification process and he failed to disqualify Defendant Galloway-Lee as the hearing officer.

---

[2] Even if Plaintiff could state a claim, the VDOE would still be immune from suit for monetary damages because Congress has not abrogated states' immunity for § 1983 claims. *See Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020).

Dkt. 55 ¶¶ 126-34. Plaintiff relies on Virginia Code § 2.2-4024 to assert that Defendant Regnery had a supervisory function over hearing officers—but her reliance is misplaced. Section 2.2-4024 states that, after a party's petition to disqualify is denied by a hearing officer, the petitioner can request reconsideration "by the **Executive Secretary**." Va. Code Ann. § 2.2-4024(D) (emphasis added). As Plaintiff admits, Defendant Regnery is not the Executive Secretary. Dkt. 25 ¶ 10. He was instead at all relevant times "an agent and/or employee" of the Office of the Executive Secretary, namely, the Assistant Executive Secretary and Counsel. *Id.*; *see also* Dkt. 55 at 2. Accordingly, Plaintiff fails to plausibly allege any facts indicating Defendant Regnery was responsible for supervising hearing officers or had any authority to disqualify hearing officers. Therefore, Plaintiff has failed to state a claim against Defendant Regnery. As such, Count Two of the Amended Complaint must be dismissed.

**3. Defendant Coons**

Defendant Coons has moved to dismiss the § 1983 claims against her on the basis that she was the *former* Superintendent for Instruction for the VDOE at all relevant times and that she had no involvement with the underlying facts of this case. Dkt. 52. The Court agrees.

The Amended Complaint brings claims against Defendant Coons in her "individual and official capacities." Dkt. 25 ¶ 19. As to the *Ex parte Young* claim brought against her in her official capacity, such claim can only enjoin officials "who threaten and are about to commence proceedings . . . against parties affected [by] an unconstitutional act." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (quoting *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). Former

officials do not fit the bill, as Plaintiff concedes. Dkt. 58 at 11 ("[T]he proper *Ex parte Young* defendant would be the current Superintendent of Public instruction in her official capacity.").[3]

Plaintiff's claim against Defendant Coons in her individual capacity fares no better. In an "individual capacity" claim, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Palmer v. Small*, 3:24-cv-864, 2025 WL 2676571, at *8 (E.D. Va. Sep. 18, 2025) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Plaintiff's claim proceeds on a theory of supervisory liability. Specifically, Plaintiff alleges that Defendant Coons deprived her of her due process right by commissioning a report on Virginia special education and failing to act on its recommendations for changes to the due process hearing system. Dkt. 25 ¶¶ 80-81, 137. The 2023 report allegedly showed that Virginia parents had concerns about "perceived partiality of special education due process hearing officers" and recommended certain changes to the system. *Id.* ¶¶ 80-81. Plaintiff blames the outcome of her due process hearing on Defendant Coons, whose tenure as Superintendent of Public Instruction had ended at the time of the due process hearing and who was not in office at the time Plaintiff filed this suit. Dkt. 58 at 1-2.

Even accepting Plaintiff's allegations as true, Plaintiff has raised no facts showing that Defendant Coons caused any of Plaintiff's alleged due process injuries. Plaintiff instead asserts a string of inferences speculating that if Defendant Coons had done something differently in the years before Plaintiff's due process hearing, Plaintiff would not be in the position she is in today. *Id.* That is insufficient to plausibly allege causation under 42 U.S.C. § 1983. Therefore, Plaintiff

---

[3] Rule 25(d)'s automatic substitution procedure for public officers does not apply here where Defendant Coons was not, at the time this action was filed, a public officer who "cease[d] to hold office while the action is pending." Fed. R. Civ. P. 25(d). Moreover, Plaintiff sued Defendant Coons individually and officially only as "the Executive Officer" who managed the VDOE "at all relevant times." Dkt. 25 ¶ 11. However, as stated, Defendant Coons was not the Executive Officer during the events that give rise to Plaintiff's claim. She was also not the Executive Officer at the time this suit was filed.

has failed to state a claim against Defendant Coons in Count Three of the Amended Complaint, so this count must be dismissed against Defendant Coons as a matter of law.

### B. Claims Under the ADA and the Rehabilitation Act

The remaining challenged claims are Count Five against the School Board and Counts Six and Seven against the School Board and the VDOE. Count Five alleges retaliation under the ADA. Dkt. 25 ¶¶ 156-70. Counts Six and Seven allege intentional discrimination under the ADA and the Rehabilitation Act, respectively. *Id.* ¶¶ 171-210.

#### 1. Retaliation Under the ADA

The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual . . . participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. To state a retaliation claim under the ADA, a plaintiff must plead and prove that: "(1) she has engaged in protected conduct; (2) she suffered an adverse action after engaging in the protected conduct; and (3) there was a causal link between the protected conduct and the adverse action." *Laird v. Fairfax Cnty.*, 978 F.3d 887, 892 n.4 (4th Cir. 2020).

Here, Plaintiff fails to allege that she suffered an adverse action caused by *Plaintiff* engaging in protected conduct. Instead, Plaintiff's retaliation claim is based on protected activity taken by Plaintiff's mother or siblings. For example, Plaintiff alleges that the School Board's denial of S.R.'s administrative transfer was the result of "the successful due process hearings for her siblings," but does not allege S.R. participated in those hearings in any way. Dkt. 25 ¶ 164. Plaintiff further alleges that "Parent . . . requested reasonable accommodations" and was denied them. *Id.* ¶ 162. Plaintiff also claims that the School Board "engaged in punitive attendance monitoring, sending multiple truancy notifications" for absences that were previously marked as

excused. *Id.* ¶ 167. But Plaintiff does not identify a causal link between any action that Plaintiff took and the truancy notices. *Id.* Indeed, the Amended Complaint states that "[a]s a result of Defendant School Board's . . . *retaliatory treatment of Parent*, Plaintiff is entitled to compensatory damages, injunctive relief, and attorneys' fees" under the ADA. *Id.* ¶ 170 (emphasis added). As noted above, Plaintiff lacks standing to bring claims on behalf of her parents or siblings. Without more, Plaintiff has failed to state a claim for retaliation under Title II of the ADA. Therefore, Count Five must be dismissed.

**2. Discrimination Under the ADA and Section 504 of the Rehabilitation Act**

Plaintiff brings an ADA discrimination claim in Count Six and a Rehabilitation Act discrimination claim in Count Seven. Dkt. 25 ¶¶ 171-210. Section 504 of the Rehabilitation Act and the ADA both "prohibit discrimination on the basis of disability in a wide variety of contexts." *A.J.T. v. Osseo Area Schs., Indep. Sch. Dist. No.* 279, 605 U.S. 335, 339 (2025). Section 504 provides that, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). Likewise, Title II of the ADA states that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The Fourth Circuit has held that the analysis under both the ADA and the Rehabilitation Act is '"substantially the same."' *Koon v. N.C.*, 50 F.4th 398, 403 n.2 (4th Cir. 2022) (quoting *Seremeth v. Bd. Of Cnty. Comm'rs*, 673 F.3d 333, 336 n.1 (4th Cir. 2001)). In general, to recover for violation of either statute, a plaintiff must allege that she: (1) has a disability, (2) is "otherwise

qualified to receive the benefits of a public service, program, or activity," and (3) was "excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). However, the two statutes differ as to the required showing for causation under the third element. The ADA requires a plaintiff to show that her "disability was 'a motivating cause'" for the challenged action. *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 462 (4th Cir. 2012) (quoting *Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999)). Section 504 of the Rehabilitation Act has a heightened causation standard that requires a plaintiff to establish that she was excluded, denied benefits, or otherwise discriminated against '"solely by reason of"' her disability. *Id.* at 461-62 (quoting *Baird*, 192 F.3d at 469).

Before a plaintiff can seek relief under the ADA or Section 504 for the denial of a FAPE, they must exhaust the remedies available to them in IDEA proceedings. *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 165 (2017); *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 794-95 (4th Cir. 2022) (holding plaintiffs' failure to exhaust administrative remedies under the IDEA precluded finding of violation of ADA or Rehabilitation Act where the substance of the underlying claims concerned the denial of a FAPE). "[P]rior pursuit of the IDEA's administrative remedies will often provide strong evidence that the substance of a plaintiff's [ADA or Section 504] claim concerns the denial of a FAPE, even if the complaint never explicitly uses that term." *Fry*, 580 U.S. at 173-74.

### 3. Compensatory Damages Under the ADA and the Rehabilitation Act

Where, as here, a plaintiff seeks compensatory damages under the ADA or the Rehabilitation Act, they "must show intentional discrimination." *A.J.T.*, 605 U.S. at 344-45. Intentional discrimination requires "proof that the defendant acted with deliberate indifference."

*Id.* (internal quotation marks omitted). While that "does not require a showing of personal ill will or animosity toward the disabled person[,]" a plaintiff must "prove the defendant disregarded a strong likelihood that the challenged action would result in a violation of federally protected rights." *Id.* (internal quotation marks and citations omitted). "Deliberate indifference is, at bottom, an actual-notice standard." *Koon*, 50 F.4th at 406 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998)).

**i. ADA Discrimination Claim**

Plaintiff's ADA discrimination claim centers on the late arrival and early pickup from school of the bus transporting special education students. Dkt. 25 ¶¶ 176-191. The facts alleged plead the essential elements of the claim and meet the ADA's causation standard. Plaintiff has a disability, she was entitled to a full day of school, and, under the facts alleged, only the special education bus serving largely disabled students had arrival and departure problems. *Id.* To recover the compensatory damages she seeks, Plaintiff must plausibly allege sufficient facts showing deliberate indifference—meaning here, that Defendants were on notice that Plaintiff was deprived the benefit of a full day of school. *Basta v. Novant Health*, 56 F.4th 307, 316-17 (4th Cir. 2022). Plaintiff does so as to the School Board, noting that her parent notified the School Board "repeatedly" but that it had "failed to correct" the problem. *See* Dkt. 25 ¶¶ 185-86. Thus, Plaintiff satisfies pleading requirements as to the School Board for Count Six.

However, Plaintiff does not plausibly allege that the VDOE had notice of the transportation issues. Plaintiff argues that the VDOE had actual knowledge of the issues affecting disabled students because it received Plaintiff's due process complaint, but this cannot be. *See* Dkt. 35 at 26. As alleged, Plaintiff's due process complaint was filed on June 9, 2025, when school was not in session. Dkt. 25 ¶ 47. The only references in the Amended Complaint to the transportation

issues concerns the 2024-2025 school year. *See* Dkt. 25 ¶¶ 38-39, 47, 123, 178.[4] The VDOE could not have been deliberately indifferent to problems in the 2024-2025 school year if it was not notified until June 2025.

Plaintiff's remaining claims against the VDOE under the ADA, for declaratory and injunctive relief, also fail because Plaintiff has not exhausted her remedies. Plaintiff's complaint in the underlying IDEA proceedings specifically raised the VDOE's alleged failure to oversee the transportation services at issue. Dkt. 25 ¶ 47. Since Plaintiff's ADA claim against the VDOE is about the same alleged transportation issues raised in the IDEA proceedings, the substance of Plaintiff's ADA claim concerns the denial of a FAPE. *See Fry*, 580 U.S at 173-74. Thus, Plaintiff's ADA claim is subject to the IDEA's exhaustion requirements. *Id.* at 154, 165. In the IDEA proceedings, the hearing officer bifurcated the complaint into one against the School Board and one against the VDOE. Dkt. 25 ¶ 49. The hearing officer then dismissed the complaint against the VDOE, which Plaintiff failed to appeal. Dkt. 28 at 3. Plaintiff's failure to appeal was a failure to exhaust her available remedies. Therefore, equitable relief is unavailable under the ADA for claims that could have been raised in the due process hearing. *See K.I.*, 54 F.4th at 795. Thus, Count Six is dismissed against the VDOE.

**ii. Section 504 Discrimination Claim**

Plaintiff's Section 504 claim, at bottom, alleges that Plaintiff was denied access to educational benefits and services. Dkt. 25 ¶¶ 192-210. It focuses on the School Board's alleged denial of homebound services and refusal to provide accommodations and services that had been

---

[4] Paragraph 38 of the Amended Complaint identifies "October 4, 2025" as the date on which "the IEP team recommended a modified day and provided for special education transportation in the IEP." Dkt. 25 ¶ 38. Read in context, this appears to be a typographical error, and the date should read "October 4, 2024."

recommended by Plaintiff's medical providers and an independent evaluator. *Id.* The facts alleged plead the essential elements of a Section 504 claim: (1) Plaintiff has a disability; (2) Plaintiff was entitled to educational benefits; and (3) Plaintiff was denied accommodations and services that would have allowed her to access her educational benefits, all while her nondisabled peers continued to receive school instruction and access to educational services. *Id.* Plaintiff also alleges sufficient facts to meet the heightened causation standard for a Section 504 claim. The nature of her claim is that she was denied disability-related accommodations and services that would have enabled her to access the educational benefits to which she was entitled. *Id.* By their nature, Plaintiff's allegations plausibly show that Defendants' actions against Plaintiff were taken "solely by reason of" Plaintiff's disability. *Halpern*, 669 F.3d at 461-62.

Additionally, Plaintiff has plausibly alleged sufficient facts showing deliberate indifference, allowing her to seek compensatory damages. Specifically, Plaintiff alleges that the evaluations, medical documentation, and recommendations from Plaintiff's treating providers and an independent psychologist gave the School Board notice of Plaintiff's need for homebound instruction and accommodations so that Plaintiff could access her educational benefits. Dkt. 25 ¶¶ 200, 205-06. Plaintiff also avers that the School Board reviewed and rejected the documentation and recommendations of these medical professionals. *Id.* ¶¶ 200, 204, 207. For these reasons, Plaintiff satisfies pleading requirements as to the School Board for Count Seven.

However, like her ADA claim, Plaintiff's claim against the VDOE under Section 504 fails because Plaintiff has not exhausted her remedies. If the "gravamen" of a Section 504 claim concerns the denial of a FAPE, the Section 504 claim is subject to the IDEA's exhaustion requirements. *Fry*, 580 U.S. at 158, 165. Plaintiff's Amended Complaint notes that the IDEA proceedings—which evaluated whether Plaintiff was denied a FAPE—addressed the denial of

accommodations. *Id.* ¶ 50. This same alleged denial of accommodations is at the center of Plaintiff's Section 504 claim, indicating that the "substance of [her Section 504] claim concerns the denial of a FAPE[.]" *Fry*, 580 U.S at 173-74. Therefore, Plaintiff's Section 504 claim is subject to the IDEA's exhaustion requirements. *Id.* at 165. As previously noted, Plaintiff failed to appeal the hearing officer's dismissal of the complaint against the VDOE. Dkt. 28 at 3. Once again, Plaintiff's failure to appeal constitutes a failure to exhaust. Since Plaintiff failed to exhaust her available administrative remedies, she is precluded from recovering under Section 504 of the Rehabilitation Act as to the VDOE. *See K.I.*, 54 F.4th at 795. As such, Count Seven against the VDOE must be dismissed as a matter of law.

For the reasons stated above, on September 30, 2026, this Court

**ORDERED** that the Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) by Defendants Ternon Galloway-Lee and the VDOE (Dkt. 27) was **GRANTED**. Counts Three, Six and Seven were **DISMISSED** as to the VDOE. Count Four against Defendant Ternon Galloway-Lee was **DISMISSED without prejudice**; it was further

**ORDERED** that the Motion to Dismiss Counts 5, 6 and 7 of the Amended Complaint by the School Board (Dkt. 29) was **GRANTED in part** and **DENIED in part**. Count Five was **DISMISSED**. Counts One, Six, and Seven against the School Board remain; it was further

**ORDERED** that the Motion to Dismiss by Defendant Dr. Lisa Coons (Dkt. 51) was **GRANTED**. Count Three of the Amended Complaint was **DISMISSED**; and it was further

**ORDERED** that the Motion to Dismiss by Defendant Ron Regnery (Dkt. 54) was **GRANTED**. Count Two of the Amended Complaint was **DISMISSED**.

Entered this 13th day of November, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge